IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY HULL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0641-K |
| | § | |
| KAPSTONE CONTAINER | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19). The Court has carefully considered the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record. Plaintiff failed to meet her burden of creating a genuine issue of material fact that her disability and/or age was a motivating factor in Defendant's decision to terminate her; therefore, the Court **GRANTS** Defendant's motion for summary judgment.

## I.    Factual Background

In November 2011, Defendant Kapstone Container Corporation ("Defendant") acquired U.S. Corrugated, Inc., which employed Plaintiff Kimberly Hull ("Plaintiff") at its facility located in Mesquite, Texas. After the acquisition, Plaintiff continued her

employment with Defendant, working in Human Resources. During her time working for Defendant, Plaintiff had no issues until November 2015. Early that month, a warehouse employee at the Mesquite facility threatened Plaintiff, which made her feel afraid. Plaintiff reported the threat to Mr. Marvin Gasper, the Mesquite Plant Manager. Then, on November 17, 2015, Plaintiff found a bullet hole in her office window when she arrived at her office. Plaintiff recalled that previous threat and reminded Marvin Gasper of it when she found the bullet hole. The same day Plaintiff found the bullet hole, Mr. Brian Gasper, a Shift Shipping Supervisor, told Plaintiff he had seen a man inside the warehouse the night before and saw the man open a door to one of Defendant's tractors. An inventory of the tractors was then done and one tractor was found to be missing.

Plaintiff remained concerned and fearful for her own safety. Several employees at the Mesquite facility made remarks, jokes, and comments to Plaintiff about the bullet hole and her ensuing fear, including asking who wanted her dead. As a result of everything, Plaintiff contends she was unable to sleep and suffered panic attacks, including one at work in front of Marvin Gasper. Plaintiff claims Marvin Gasper and Mr. Bernard Lawrence, the Mesquite facility General Manager, disregarded and dismissed her concerns and told her to "get over it."

On April 1, 2016, Defendant terminated Plaintiff's employment as part of a company-wide Reduction-in-Force ("RIF"). At the time of her termination, Plaintiff was 55 years old. On April 4, 2016, Plaintiff was evaluated by Dr. J. Douglas Crowder, who diagnosed her with post-traumatic stress disorder ("PTSD"), major depressive disorder, and possible obsessive compulsive disorder. On January 27, 2017, Plaintiff filed this lawsuit against Defendant in state court alleging state law claims of disability discrimination, age discrimination, retaliation, and failure to accommodate. Defendant subsequently removed the case to this Court based on diversity jurisdiction and filed this motion for summary judgment.

## II. Summary Judgment Standards

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. The nonmovant must then come forward with specific facts showing that there is a genuine [dispute] for trial." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310-11 (5th Cir. 2011). In other words, the plaintiff must show there is a dispute of a material fact that

is "genuine", meaning the evidence is such that a reasonable jury could return a verdict in favor of the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d

at 540.  If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322.

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim."  *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010)(per curium)(citing *Celotex*, 477 U.S. at 323-25).  However, "[i]t is not sufficient to merely list the elements of the claims and state that there is no evidence to support the elements."  *Seastruck v. Darwell Integrated Tech.*, Civ. No. 3:05-CV-0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) (Stickney, M.J.).  The movant must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims.  *Id.*

## III.  Analysis

### A.  Claims for Failure to Accommodate and Retaliation

Defendant moves for summary judgment on each of Plaintiff's state law claims asserted in her Original Petition—(1) disability discrimination, (2) age discrimination, (3) retaliation, and (4) failure to accommodate.  However, in her response to the motion, Plaintiff fails to address Defendant's summary judgment arguments related to her claims for retaliation and for failure to accommodate.  When a party fails to respond

to an argument in the opposing party's motion for summary judgment, the party concedes that argument. *D&M Specialties, Inc. v. Apache Creek Props., L.C.*, Civil Action No. SA-12-CA-588-FB, 2014 WL 12493290, at *3 (W.D. Tex. Aug. 21, 2014)(citing *T&T Geotechnical, Inc. v. Union Pac. Res. Co.*, 944 F. Supp. 1317, 1322 (N.D. Tex. 1996)(McBryde, J.)). Therefore, in failing to respond, Plaintiff concedes Defendant's summary judgment points on these two claims in its motion.

Nevertheless, the Court reviewed Defendant's arguments, the applicable law, and the evidence Defendant presented in support of summary judgment on these claims. The Court finds Defendant is entitled to summary judgment on Plaintiff's state law claims for failure to accommodate and for retaliation.

## B. Disability and Age Discrimination Claims

Turning to Plaintiff's discrimination claims, she alleges Defendant discriminated against her based on her disabilities, PTSD and anxiety, as well as her age in violation of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.001 *et seq.* In its motion, Defendant argues summary judgment must be granted on these claims because Plaintiff cannot establish a *prima facie* case for either disability discrimination or age discrimination and, alternatively, she cannot establish Defendant's reason for her termination is pretext. Plaintiff responds that she satisfied

the elements of a *prima facie* case for both discrimination claims and she has established

Defendant's proffered reason for her termination is pretext for discriminatory intent.

### 1.    Applicable Law

Section 21.051 of the Texas Labor Code specifically provides:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:  (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment. . . .

TEX. LABOR CODE § 21.051.  The Texas Legislature intended Chapter 21 of the Labor

Code and its subsequent amendments to "provide for the execution" of federal law

under Title VII of the Civil Rights Act of 1964 and subsequent amendments, the Age

Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act

of 1990 and subsequent amendments ("ADA").  *Id.* § 21.001; *see Wal-Mart Stores, Inc.*

*v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).  Accordingly, Texas state courts apply

analogous federal statutes and cases when interpreting the TCHRA.  *Talk v. Delta*

*Airlines, Inc.*, 165 F.3d 1021, 1024 n. 4 (5th Cir. 1999); *Hoffmann-La Roche Inc. v.*

*Zeltwanger*, 144 S.W.3d 438, 445-46 (Tex. 2004)("[F]ederal case law may be cited as

authority in cases relating to the Texas Act.").

When a plaintiff relies on circumstantial evidence of discrimination, courts apply

the *McDonnell Douglas* burden-shifting framework to discrimination claims under the

TCHRA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The plaintiff must first establish a *prima facie* case of discrimination. *Tex. Dep't Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); s*ee Mission*, 372 S.W.3d at 634. This burden is "not onerous" and, when satisfied, creates a presumption of discrimination. *Burdine*, 450 U.S. at 253-54. Once the plaintiff meets her burden, it then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination. *Id.* at 254-55. When the defendant satisfies that burden, the presumption of discrimination is rebutted "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255-56. The plaintiff must then create a genuine issue of material fact that the defendant intentionally discriminated against the plaintiff. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). To satisfy this burden under the TCHRA, the plaintiff can identify or offer evidence "either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor ('mixed motive')." *Id.* at 439-40 (citing *Michael v. City of Dallas*, 314 S.W.3d 687, 691 (Tex.App.—Dallas, 2010, no pet.)).

2.    **Analysis**

Because the Court ultimately concludes that Plaintiff failed to create a genuine issue of material fact that Defendant's reason for terminating her was pretext and that her disability and/or age was a motivating factor in her termination, the Court assumes without deciding that she has established a *prima facie* case of disability discrimination and age discrimination.  The Court now turns to the second and third steps of the *McDonnell Douglas* framework.

a)    Legitimate, Non-Discriminatory Reason

At the second step, Defendant must articulate a legitimate, non-discriminatory reason for Plaintiff's termination.  *Burdine*, 450 U.S. at 254-55.  The burden for Defendant to articulate a legitimate, non-discriminatory reason for Plaintiff's termination "is one of production, not proof, and involves no credibility assessments." *Thomas v. Greystar Mgmt. Servs., L.P.*, Civ. Action No. 3:12-CV-5088-D, 2014 WL 2519165, at *3 (N.D.Tex. June 4, 2014)(Fitzwater, C.J.).

Defendant asserts that Plaintiff was laid off on April 1, 2016, as part of a company-wide RIF, in which over 60 employees were laid off.  Defendant presented competent summary judgment evidence that Plaintiff was employed in a Human Resources Assistant ("HRA") position at Defendant's Mesquite facility.  This HRA position was eliminated company-wide in the RIF, resulting in the termination of all

four (4) employees who held that position, including Plaintiff. Defendant submitted the sworn declaration of Ms. Irina Feldman, Senior Human Resources Director for Defendant. Ms. Feldman testified that, in response to negative financial results in 2015, Defendant "implemented several cost cutting measures, including suspending certain employee benefits such as the 401(k) match and consolidating positions and reducing headcount" throughout the company. As part of these cost cutting measures, the Corporate Senior Management, located at Defendant's headquarters in Northbrook, Illinois, decided the RIF was necessary. Ms. Feldman testified that she was the sole decision maker regarding the Human Resources position(s) to be eliminated, consolidated, or reduced, and one of her decisions included the company-wide elimination of the HRA position, resulting in the termination of all four of those employees including Plaintiff. Ms. Feldman also testified that she has always worked at Defendant's corporate headquarters in Northbrook, Illinois, and Plaintiff worked at the Mesquite facility.

It is well-established in the Fifth Circuit that "a RIF 'is itself a legitimate, non-discriminatory reason for discharge.'" *Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 257 (5th Cir. 2017)(quoting *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)); *see Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir. 1995)("Job elimination or office consolidation is a sufficient non-discriminatory reason

for discharge under the ADEA."). Defendant's competent summary judgment evidence shows Plaintiff was terminated as part of a company-wide RIF, in which over 60 employees were terminated, and all HRAs were eliminated from the company nationally. The Court concludes Defendant has met its burden of articulating a legitimate, non-discriminatory reason for Plaintiff's termination.

   b) <u>Intentional Discrimination</u>

   With Defendant satisfying its burden to provide a non-discriminatory reason, the burden now shifts back to Plaintiff. *Reed*, 701 F.3d at 439. Plaintiff must create a genuine issue of material fact of intentional discrimination by showing "'either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor ("mixed motive").'" *Id.* at 440 (quoting *Michael*, 314 S.W.3d at 691). Because Plaintiff's claims are based on the TCHRA, the causation inquiry at this third stage is different than for claims under the ADA or ADEA. *See Reed*, 701 F.3d at 440. Plaintiff can survive summary judgment by producing evidence that her age and/or disability was a "motivating factor" in Defendant's decision to terminate her, rather than the higher 'but for' standard under the ADA and ADEA. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001)("'[A] motivating factor' is the correct standard of causation for the plaintiff in all TCHRA unlawful employment practice

claims."); *see also Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 607 (5th Cir. 2007)("Under the Texas statute, to establish an unlawful employment practice, [the plaintiff] need only prove that discrimination was 'a motivating factor' in the employer's decision, rather than a 'but for' cause as Title VII requires.").

1) <u>Pretext for Discrimination</u>

Plaintiff's responsive argument asserts only that Defendant's proffered reason for terminating her is pretext for discrimination. Therefore, the Court will first consider Plaintiff's arguments and burden at this stage under the pretext alternative she advanced, before turning to the lower "motivating factor" standard.

Plaintiff offers the following as her pretext argument:

> [Plaintiff] establishes pretext as follows:
> (1)   The position was not eliminated, it was just renamed and given to a young man;
> (2)   [Plaintiff] was clearly more qualified than Moza;
> (3)   Feldman was impeached by claiming the position required a degree when it does not;
> (4)   [Plaintiff's] position was clearly not administrative as alleged;
> (5)   [Mr. Marvin] Gasper knew of [Plaintiff's] panic attacks contrary to his assertion;
> (6)   [Plaintiff] had a spotless work record and was much more than just a H.R. Assistant;
> (7)   The layoff for many was temporary and not as the Defendant alleges;
> (8)   The Defendant only laid the Plaintiff off at the Mesquite facility and no one else;

(9) [Plaintiff] was a Human Resources Manager, Safety Specialist, Investigator, and DOT Compliance Officer;

(10) The Defendant's declarants were seriously impeached with the emails and job descriptions as well as their claim Plaintiff's position was just administrative;

(11) The Defendant's declarants aren't worthy of belief;

(12) This is all established by Plaintiff's Appendix.

None of these statements creates a genuine issue of material fact as to whether Defendant's decision to implement a company-wide RIF in 2015 that included the elimination of Plaintiff's position was pretext for discrimination or even that her termination was motivated by her disability and/or age.

First, the Court notes that Plaintiff wholly failed to provide specific citations to her appendix or the record in support of these conclusory points she claims establish pretext and, thereby, satisfy her burden. At the end of her laundry list of "evidence" of alleged pretext, Plaintiff simply states, "This is all established by [her] Appendix." While Plaintiff may have cited to her appendix in other sections of her brief, she did not actually cite to her summary judgment evidence which is the actual support for this list of pretext evidence. It is not the Court's responsibility to search for possible evidentiary support. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)(Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment).

On this basis alone, the Court could find Plaintiff failed to meet her burden and grant Defendant's motion for summary judgment on her remaining discrimination claims.

Nevertheless, the Court liberally construed Plaintiff's arguments, considered any actual record citations, and viewed the evidence in its entirety and in the light most favorable to Plaintiff. Ultimately, the Court must find Plaintiff failed to meet her summary judgment burden. "To establish pretext, a plaintiff 'must put forth evidence rebutting each of the non-discriminatory reasons the employer articulates.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 320 (5th Cir. 2016). The Fifth Circuit has repeatedly "held that an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief." *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001)(quoting *Bauer v. Albemarie Corp.*, 169 F.3d 962, 967 (5th Cir. 1999)). Even if the Court took Plaintiff's statements as true and supported by evidence, she still fails to meet her burden. Defendant's evidence establishes, among other things, the following: (1) negative economic results necessitated the RIF (among other cost-cutting measures), in which over 60 employees were terminated; and (2) Ms. Feldman, the sole decision maker located in Illinois, chose to eliminate the HRA position company-wide, resulting in the termination of four employees, including Plaintiff. The Court has already concluded Defendant articulated a legitimate, non-discriminatory reason. In response, Plaintiff submits a laundry list of conclusory

statements which does not rebut Defendant's non-discriminatory reason, and she fails to provide any evidence supporting her contention that the RIF was not true and was mere pretext for Defendant to discriminate against her by terminating her. Plaintiff creates a fact issue regarding pretext.

Plaintiff's response is not a model of clarity, so the Court attempted to discern her pretext arguments best it could. Plaintiff makes three points that arguably may address the RIF and pretext. First, Plaintiff makes a cursory statement that the layoffs were actually temporary "and not as the Defendant alleges." As her only support for this contention, Plaintiff submits a very short, unidentified "Web Only" article published December 30, 2015, which discusses a seasonal temporary layoff at one of Defendant's plants in Washington. Even if this article were competent summary judgment evidence, which the Court does not find, Plaintiff makes no attempt to explain how this seasonal layoff in December 2015 is connected to the RIF at issue here, let alone how it is evidence that the RIF is not true and mere pretext.

Second, Plaintiff repeatedly contends that the HRA position was not actually eliminated but was simply re-named Human Resources Manager ("HRM") and given to a 30-year-old man even though she was more qualified for the position. Again, Defendant's competent summary judgment evidence establishes that the HRA position was eliminated company-wide, resulting in the termination of all four (4) employees in

that position nationally in this RIF. Moreeover, the RIF was part of various cost-cutting measures taken by Defendant as a result of negative financial results in 2015. Plaintiff's own evidence confirms that the other three employees in the HRA position were indeed terminated as well. Yet, Plaintiff fails to explain how it was that her position was simply renamed and given to a younger man. These contentions are simply Plaintiff's subjective belief that this is what happened and it amounts to pretext. Her subjective beliefs alone are not sufficient evidence of pretext. *Auguster*, 249 F.3d at 403. Plaintiff submits no competent summary judgment evidence to support her claim that the HRA position was simply renamed, and was not subject to elimination as part of a RIF. *See Jurach*, 642 F. App'x at 320.

Even if the Court indulged this allegation, Plaintiff fails to establish that the HRA position and the HRM position were indeed the same. The HRM position was created, at some unknown point later, to absorb some of the administrative HR duties and also to perform the HR managerial functions needed at certain locations. Defendant presented evidence that the HRM position had more hiring requirements than the HRA position, such as a four-year college degree and prior experience as a human resources manager. It is undisputed Plaintiff does not have a four-year college degree, and Defendant's evidence establishes that Plaintiff did not have the required prior managerial experience. Plaintiff contends the HRM position did not require a

four-year college degree and submitted a job posting from Defendant as evidence. But the posting Plaintiff provided is for a Human Resources *Generalist* (in Idaho), not a Human Resources *Manager* (in Mesquite, Texas) which is at issue here. As for the required prior experience as an HR manager, Plaintiff offers no evidence to refute Defendant's competent evidence that the HRM position does require this prior experience and that she did not, according to Defendant, have that experience. Finally, any argument Plaintiff makes based on her subjective beliefs about her skills or qualifications, and particularly any comparison between her own qualifications and those of the 30 year old man hired to fill the HRM position, cannot alone raise a genuine fact issue as to pretext. *See Adeleke v. Dallas Area Rapid Transit*, 487 F. App'x 901, 903 (5th Cir. 2012); *see also Baumeister v. AIG Global Inv. Corp.*, Civ. Action No. H-09-1533, 2010 WL 11541794, at * 4 (S.D. Tex. Aug. 2, 2010)(an employee's subjective belief that she was "clearly more qualified" for the position than the person hired cannot, without more, overcome her burden of demonstrating the RIF was pretext for intentional discrimination). Plaintiff fails to create a fact issue of pretext with this argument.

As the final, possible pretext argument the Court can discern, Plaintiff states that only she was laid off at the Mesquite facility. The Court presumes that Plaintiff is implying the RIF was not the reason for her termination, therefore it was pretext for

Defendant to discriminate against her for her disability and/or age. Again, Plaintiff fails to explain how this fact is relevant to or evidence of pretext. Defendant's evidence establishes that her position was eliminated company-wide as part of the RIF due to negative financial results in 2015, and Plaintiff alone was employed in that position at the Mesquite facility although over 60 employees were terminated nationwide as part of this RIF. The other three HRAs were located at other facilities, and they too were terminated. Plaintiff submits no evidence to create a genuine issue of material fact. That Plaintiff was the only person terminated as part of the RIF at the Mesquite facility is truly no evidence that the RIF was not true and was mere pretext. *See Jurach*, 642 F. App'x at 320.

Plaintiff failed to present competent summary judgment evidence to rebut Defendant's proffered non-discriminatory reason that she was terminated as part of the company-wide RIF that resulted in the elimination of her position entirely and in the termination of over 60 employees. *See Jurach*, 642 F. App'x at 320 ("[P]laintiff must put forth evidence rebutting each of the non-discriminatory reasons the employer articulates.").

### 2) Motivating Factor Standard

In addition to failing to rebut Defendant's non-discriminatory reason for her termination, Plaintiff failed to even meet the "motivating factor" standard. Because

her claims are a based on the TCHRA, Plaintiff could avoid summary judgment by submitting competent summary judgment evidence that her disability and/or age was a motivating factor in Defendant's decision to terminate her. *See id.* at 321; *Quantum Chem.*, 47 S.W.3d at 480. However, outside of making a single reference to the "motivating factor" standard, Plaintiff makes no specific argument as to how her disability or age was a motivating factor in her termination.

Again, being indulgent with Plaintiff's response, she submits no argument or evidence as to how her age was a motivating factor in her termination. Plaintiff appears to imply that simply because she and the other three HRAs are in the protected age bracket that alone is evidence of age discrimination. The Court can find no case law, and Plaintiff does not cite any, to support the premise that falling within the protected age group, without more, is sufficient evidence that her age was a motivating factor in her termination. Moreover, Defendant's competent summary judgment evidence establishes Ms. Feldman, the sole decision maker, did not consider Plaintiff's age in making her decision to terminate Plaintiff or eliminate her position. Plaintiff submits nothing to refute this evidence or attempt to create a fact question.

To the extent Plaintiff may rely on the age of the man hired as the HRM, this is also not, without more, evidence that her termination was motivated by her age. Plaintiff's contention that Mr. Mukunz Moza, the 30-year-old man hired as HRM, is

less qualified than she is for the position is not substantiated by any competent summary judgment evidence. For the Court to find there is "an illicit inference" from Mr. Moza's hiring would "require[] the Court to make subjective and speculative conclusions regarding [Plaintiff's] qualifications for the job." *Jurach*, 642 F. App'x at 321. Plaintiff did not establish that her age was a motivating factor in Defendant's decision to terminate her.

Turning to her disability, Plaintiff claims her panic attacks were "well known" and that she was made fun of by co-workers and supervisors. The extent of Plaintiff's argument addresses what her co-workers, supervisors, and/or managers *at the Mesquite facility* knew of her disabilities and the anxiety attack she claims to have suffered at work in front of the Mesquite plant manager. Defendant's competent summary judgment evidence shows that Ms. Feldman, who works at Defendant's headquarters in Illinois, was the final decision maker regarding the elimination of Plaintiff's position and her termination, and no one at the Mesquite facility had any input in or involvement with that decision. Ms. Feldman further testified that she had no knowledge Plaintiff suffered from any disability or impairment, that she did not regard Plaintiff as disabled, and that she did not consider Plaintiff's actual disability, or perceived disability in making her decision. Plaintiff offers nothing to refute Defendant's summary judgment evidence that age played no part in Defendant's

decision. Even taking Plaintiff's statements as true and supported by evidence, her statements alone fail to raise a genuine issue of material fact that her age was a motivating factor in Defendant's decision to terminate her. Plaintiff did not submit any evidence raising a fact issue that her disability was a motivating factor for her termination. *See Jurach*, 642 F. App'x at 321.

Ultimately, Plaintiff did not produce any evidence that would allow a reasonable factfinder to find that Defendant's proffered reason for terminating Plaintiff is pretextual. *See id.* Moreover, Plaintiff cannot survive summary judgment because she failed to produce evidence that her age and/or disability was a "motivating factor" in Defendant's decision to terminate her. *See Quantum Chem.*, 47 S.W.3d at 480. Defendant is entitled to summary judgment on Plaintiff's disability discrimination and age discrimination claims.

## IV.  Conclusion

For the foregoing reasons, the Court **grants** Defendant's motion for summary judgment on all of Plaintiff's state law claims for retaliation, failure to accommodate, age discrimination, and disability discrimination.

**SO ORDERED.**

Signed September 17th, 2018.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE